IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARGARET MORRIS, | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : CIVIL ACTION |
| LIVING INDEPENDENTLY FOR | : |
| ELDERS-UNIVERSITY OF | : |
| PENNSYLVANIA PROGRAM, | : NO. 14-5050 |
| UNIVERSITY OF PENNSYLVANIA | : |
| SCHOOL OF NURSING, TRUSTEES OF | : |
| THE UNIVERSITY OF PENNSYLVANIA, | : |
| and WANDA COOPER, | : |
| Defendants. | : |

## ORDER

**AND NOW**, this __3rd____ day of September, 2014, upon consideration of Plaintiff's Emergency Motion to Permit her Son to Continue as Agent (Doc. 3), **IT IS HEREBY ORDERED AND DECREED** that Plaintiff's Motion is **DENIED**.[1]

**BY THE COURT**:

**/s/ Petrese B. Tucker**

_____

**Hon. Petrese B. Tucker, U.S.C.J.**

---

[1] Plaintiff moves to permit her son to continue as her agent in response to this Court's instruction to secure independent counsel. Upon the filing of the complaint, the Court determined that Mr. Alson Alston, being Plaintiff's son, was unauthorized to represent Plaintiff because of an unavoidable conflict of interest prohibited by Pennsylvania Rule of Professional Conduct ("PRPC") 1.7(a)(2). The instant motion provides additional information that Mr. Alston is a third-year law student and does not have a license to practice law. (Pl. Aff. ¶ 3, Ex. 1, Doc. 3.) Thus, his continued representation of Plaintiff in this matter would violate PRPC 5.5, which prohibits the unauthorized practice of law. Likewise, it appears that Ms. Serena Kinnon, whom Plaintiff moves in the alternative to be her representative, is also not a licensed attorney. This Court advises Plaintiff to secure independent counsel to proceed with this matter.